IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM STAMPER | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | _____ |
| | § | JURY |
| WAL-MART STORES TEXAS, LLC | § | |
| d/b/a WALMART SUPERCENTER #286 | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286 (incorrectly sued, proper entity is Wal-Mart Stores Texas, LLC) ("Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 40th District Court of Ellis County, Texas, where this matter was pending under Cause No. 107690 in a matter styled *William Stamper vs. Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286* (the "State Court Action").

### II. NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging claims of personal injury resulting from Defendant's actions or inactions. *Plaintiff's Original Petition p. 2.*

3. Plaintiff William Stamper alleges that he was injured when he attempted to exit the store through entry/exit gates and was pinned inside the gates on Defendant's premises. *Id. at p. 2.*

4.     Plaintiff brought his lawsuit against Wal-Mart in the 40th District Court of Ellis County, Texas. *See Plaintiff's Original Petition p. 1.*

### III.     TIMELINESS OF REMOVAL

5.     Plaintiff commenced this lawsuit by filing his Original Petition on February 8, 2022 and then his First Amended Petition on February 10, 2022. Defendant Wal-Mart accepted service of Plaintiff's First Amended Petition on February 25, 2022 through its agent, CT Corporation. This removal is timely because it is filed less than 30 days after Wal-Mart was served. 28 U.S.C. § 1446.

### IV.     BASIS FOR REMOVAL JURISDICTION

6.     Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Ellis County, Texas. *Plaintiff's Original Petition p. 1.* Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

8.     Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its

principal place of business in Arkansas.  WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas.  Walmart Inc. f/k/a Wal-Mart Stores, Inc., is the sole owner of Wal-Mart Stores East, LLC.  Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas.  Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

9. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

10. Upon information and belief, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.  Plaintiff alleges he suffered personal injuries and resulting damages.  *See Plaintiff's Original Petition p. 2.*  Plaintiff seeks damages for medical treatment past and future, pain and suffering past and future, mental anguish past and future, physical disfigurement, impairment past and future, lost wages, and loss of earning capacity past and future.  *Id. at p. 5.*  Plaintiff's Petition seeks monetary relief in excess of $250,000.  *Id at p. 5.*  The sum claimed by Plaintiff should control the evaluation of amount in controversy.  It is facially apparent from the Plaintiff's Petition that the Plaintiff's claims are likely to exceed $75,000 in damages, exclusive of interest and costs.

11. In an effort to confirm the amount in controversy, Wal-Mart sent correspondence to Plaintiff's counsel on March 9, 2022 requesting Plaintiff stipulate he is seeking less than $75,000 in damages, exclusive of interest and costs.  Wal-Mart followed up with Plaintiff's counsel on March 18, 2022 by telephone and did not hear back from Plaintiff's counsel.  Plaintiff's counsel

has not responded; thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.,* No. 5:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

## V.   THIS NOTICE IS PROCEDURALLY CORRECT

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

13. Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

   A:   Index of all documents filed in the State Court Action.

   B:   Docket Sheet in the State Court Action.

   C:   Copies of all process, pleadings and orders filed in State Court.

   D:   Signed Certificate of Interested Persons.

14. Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

15. Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

16. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 40th District Court of Ellis County, Texas.

17. Plaintiff has not demanded a jury trial in the State Court Action. Defendant has demanded a jury trial in the State Action.

18. Trial has not commenced in the 40th District Court of Ellis County, Texas.

## V. CONCLUSION

19. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition and the amount in controversy exceeds $75,000 exclusive of interest and costs, Defendant desires and is entitled to remove the lawsuit filed in the 40th District Court of Ellis County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286, pursuant to and in conformance with the statutory requirements, removes this action from the 40th District Court of Ellis County, Texas, to this Court.

**Respectfully submitted,**

By: */s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**
Texas Bar No. 24036793
sbruce@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5210 (phone)
(214) 220-5299 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 23rd day of March, 2022:

Andrew J. Wooley
The Law Office of Andrew J. Wooley
10440 N. Central Expressway, Suite 1290
Dallas, TX  75231
214.699.6524 / fax 214.853.5047
awooley@wooleylaw.com

*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**