Filed 2/8/2022 3:58 PM
Melanie Reed
District Clerk
Ellis County, Texas

NO. <u>107690</u>

| | | |
|---|---|---|
| **WILLIAM STAMPER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **40TH** <u>   </u> **JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **d/b/a WALMART SUPERCENTER** | § | |
| **#286,** | § | |
| **Defendant.** | § | **ENNIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** Plaintiff William Stamper complaining of and about Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286 and for causes of action would show unto the Court the following:

**I.      DISCOVERY CONTROL PLAN LEVEL**

    1.  Plaintiff pleads that discovery in this matter shall be conducted under level II discovery control plan pursuant to Texas Rules of Civil Procedure 190.3.

**II.      PARTIES AND SERVICE**

    2.  Plaintiff William Stamper ("Plaintiff") is an individual who is a resident of Ennis County, Texas. The last three numbers of Plaintiff's driver's license and social security number are 607 and 531, respectively.

    3.  Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286 ("Defendant") is a foreign corporation which at all times conducted business in the State of Texas. Defendant's corporate headquarters are located at 702 SW 8th Street, Bentonville, Arkansas 72716-8611. This lawsuit arises out of Defendant's business done in this state. Defendant may be served with process by serving its registered agent, C T Corporation System,

**EXHIBIT C**

1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.       JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

5.   This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

6.   This Court is the proper venue to hear this lawsuit pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1)-(3) because the events giving rise to this lawsuit occurred in Ennis County, Texas.

### IV.       FACTS

7.   On or about March 3, 2020, Plaintiff was a customer at Walmart Supercenter #286 located at 700 E. Ennis Ave., Ennis, Texas 75118. At all times material hereto, Defendant is the owners, possessors, operators, and/or managers of the premises located at 700 E. Ennis Ave., Ennis, Texas 75118.

8.   Plaintiff entered upon said premises as a customer.  He entered on the said property of Defendant as a patron and at the invitation of Defendant. While on the premises, Plaintiff used a scooter provided by Defendant. After shopping and checking out, Plaintiff attempted to exit the store through the gates located at the entry/exit way. The gate closed on him pinning him inside. As a direct and proximate result of the incident, Plaintiff suffered personal injuries and resulting damages.

## V.        CAUSES OF ACTION

A.    NEGLIGENCE

9.   Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

10.  Defendant owed duties of ordinary care to Plaintiff and other customers. The conduct of Defendant's agent, servant, and/or employee as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

  a.   failing to properly maintain the gates located at the entry/exit way;

  b.   failing to adequately warn of hazards; and

  c.   other acts of negligence and negligence per se.

11.  As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

B.    PREMISE LIABILITY

12.  Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length

13.  Defendant owed a duty to Plaintiff to exercise ordinary care in its ownership, possession, control, maintenance, operation, inspection, and use of Defendant's premises to reduce or eliminate the unreasonable risk of harm created by a condition of the Defendant's premises which Defendant knew about or in the exercise of ordinary care should have known about.

14.  Defendant owed a duty to inspect and repair any defects and a duty to repair the

defects adequately and competently.

15. Defendant, acting through its agents, servants and/or employees, failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the same or similar circumstances in the following particulars:

      a.   failing to properly inspect the premises for defects;

      b.   failing to properly maintain the property and structures thereupon;

      c.   failing to adequately warn of hazards on the property;

      d.   failing to properly make needed repairs;

      e.   failing to make periodic inspections and repairs to common areas; and

      f.   other acts of negligence and negligence per se.

16. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

C.      *RESPONDEAT SUPERIOR*

17. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

18. Under the doctrine of *Respondeat Superior*, Defendant is vicariously liable for the negligence as alleged above by any agent, servant, and/or employee while acting within the scope of employment which caused Plaintiff's damages. Defendant is also vicariously liable for the negligence as alleged above by any agent, servant, and/or employee while acting in the furtherance of a mission for the benefit of Defendant and subject to control by Defendant as to the details of the mission.

## VI.        DAMAGES

19. As a direct and proximate result of the incident making the basis of this lawsuit, Plaintiff suffered and will in all reasonable probability continue to suffer the following actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

        a.        Medical treatment paid or incurred in the past;

        b.        Medical treatment which will be necessary in the future;

        c.        Past and future pain and suffering;

        d.        Past and future mental anguish;

        e.        Physical disfigurement;

        f.        Past and future impairment;

        g.        Lost wages; and

        h.        Loss of past and future earning capacity;

20. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

## VII.        PRESERVATION OF EVIDENCE

21. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence;

memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## VIII.      RULE 193.7 NOTICE

22. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant as follows:

    a.   An award of actual damages;

    b.   An award of pre-judgment interest;

    c.   An award of post-judgment interest;

    d.   And other relief the Court determines is just under the circumstances.

Respectfully submitted,

ANDREW J. WOOLEY
Texas Bar No. 24077780
Email: awooley@wooleylaw.com
THE LAW OFFICE OF ANDREW J. WOOLEY
10440 N. Central Expressway, Suite 1290
Dallas, Texas 75231
Tel. (214) 699-6524
Fax. (214) 853-5047
**Attorney for Plaintiff**

Filed 2/10/2022 11:20 AM
Melanie Reed
District Clerk
Ellis County, Texas

NO. 107690

| | | |
|---|---|---|
| **WILLIAM STAMPER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **40th JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **d/b/a WALMART SUPERCENTER** | § | |
| **#286,** | § | |
| **Defendant.** | § | **ELLIS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff William Stamper complaining of and about Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286 and for causes of action would show unto the Court the following:

### I.    DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff pleads that discovery in this matter shall be conducted under level II discovery control plan pursuant to Texas Rules of Civil Procedure 190.3.

### II.    PARTIES AND SERVICE

2. Plaintiff William Stamper ("Plaintiff") is an individual who is a resident of Ellis County, Texas. The last three numbers of Plaintiff's driver's license and social security number are 607 and 531, respectively.

3. Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286 ("Defendant") is a foreign corporation which at all times conducted business in the State of Texas. Defendant's corporate headquarters are located at 702 SW 8th Street, Bentonville, Arkansas 72716-8611. This lawsuit arises out of Defendant's business done in this state. Defendant may be served with process by serving its registered agent, C T Corporation System,

1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.        JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

5.    This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

6.    This Court is the proper venue to hear this lawsuit pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1)-(3) because the events giving rise to this lawsuit occurred in Ellis County, Texas.

### IV.        FACTS

7.    On or about March 3, 2020, Plaintiff was a customer at Walmart Supercenter #286 located at 700 E. Ennis Ave., Ennis, Texas 75118. At all times material hereto, Defendant is the owners, possessors, operators, and/or managers of the premises located at 700 E. Ennis Ave., Ennis, Texas 75118.

8.    Plaintiff entered upon said premises as a customer.  He entered on the said property of Defendant as a patron and at the invitation of Defendant. While on the premises, Plaintiff used a scooter provided by Defendant. After shopping and checking out, Plaintiff attempted to exit the store through the gates located at the entry/exit way. The gate closed on him pinning him inside. As a direct and proximate result of the incident, Plaintiff suffered personal injuries and resulting damages.

## V. CAUSES OF ACTION

A. NEGLIGENCE

9. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

10. Defendant owed duties of ordinary care to Plaintiff and other customers. The conduct of Defendant's agent, servant, and/or employee as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

    a. failing to properly maintain the gates located at the entry/exit way;

    b. failing to adequately warn of hazards; and

    c. other acts of negligence and negligence per se.

11. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

B. PREMISE LIABILITY

12. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length

13. Defendant owed a duty to Plaintiff to exercise ordinary care in its ownership, possession, control, maintenance, operation, inspection, and use of Defendant's premises to reduce or eliminate the unreasonable risk of harm created by a condition of the Defendant's premises which Defendant knew about or in the exercise of ordinary care should have known about.

14. Defendant owed a duty to inspect and repair any defects and a duty to repair the

defects adequately and competently.

15. Defendant, acting through its agents, servants and/or employees, failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the same or similar circumstances in the following particulars:

    a.   failing to properly inspect the premises for defects;

    b.   failing to properly maintain the property and structures thereupon;

    c.   failing to adequately warn of hazards on the property;

    d.   failing to properly make needed repairs;

    e.   failing to make periodic inspections and repairs to common areas; and

    f.   other acts of negligence and negligence per se.

16. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

C.    *RESPONDEAT SUPERIOR*

17. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

18. Under the doctrine of *Respondeat Superior*, Defendant is vicariously liable for the negligence as alleged above by any agent, servant, and/or employee while acting within the scope of employment which caused Plaintiff's damages. Defendant is also vicariously liable for the negligence as alleged above by any agent, servant, and/or employee while acting in the furtherance of a mission for the benefit of Defendant and subject to control by Defendant as to the details of the mission.

## VI.      DAMAGES

19. As a direct and proximate result of the incident making the basis of this lawsuit, Plaintiff suffered and will in all reasonable probability continue to suffer the following actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

      a.      Medical treatment paid or incurred in the past;

      b.      Medical treatment which will be necessary in the future;

      c.      Past and future pain and suffering;

      d.      Past and future mental anguish;

      e.      Physical disfigurement;

      f.      Past and future impairment;

      g.      Lost wages; and

      h.      Loss of past and future earning capacity;

20. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

## VII.      PRESERVATION OF EVIDENCE

21. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence;

memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## VIII.      RULE 193.7 NOTICE

22. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant as follows:

   a.  An award of actual damages;

   b.  An award of pre-judgment interest;

   c.  An award of post-judgment interest;

   d.  And other relief the Court determines is just under the circumstances.

Respectfully submitted,

ANDREW J. WOOLEY
Texas Bar No. 24077780
Email: awooley@wooleylaw.com
THE LAW OFFICE OF ANDREW J. WOOLEY
10440 N. Central Expressway, Suite 1290
Dallas, Texas 75231
Tel. (214) 699-6524
Fax. (214) 853-5047
**Attorney for Plaintiff**

**CT Corporation**

**Service of Process Transmittal**
02/25/2022
CT Log Number 541121909

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: STAMPER WILLIAM // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, First Amended Petition |
| **COURT/AGENCY:** | 40th Judicial District Court Ellis County, TX<br>Case # 107690 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 03/03/2020 - Walmart Supercenter #286 - 700 E. Emits Ave., Ennis, Texas 75118 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/25/2022 at 03:11 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Andrew J. Wooley<br>The Law Office of Andrew J. Wooley<br>10440 N. Central Expressway, Suite 1290<br>Dallas, TX 75231<br>214-699-6524 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/26/2022, Expected Purge Date: 03/03/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Feb 25, 2022

**Server Name:**             Ricky Randall

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---------------|----------------------------|
| Case Number | 107690 |
| Jurisdiction | TX |



# THE STATE OF TEXAS
## COUNTY OF ELLIS
### CAUSE NO: 107690
# CITATION

**TO:**  **WAL-MART STORES TEXAS, LLC D/B/A WALMART SUPERCENTER #286**
**REG. AGENT: CT CORPORATION SYSTEM**
**1999 BRYAN ST, STE 900**
**DALLAS, TX 75201**

DEFENDANT, in the hereinafter styled and numbered cause: 107690

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the PLAINTIFF'S FIRST AMENDED PETITION at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **107690** styled

**STAMPER, WILLIAM**
**-VS-**
**WAL-MART STORES TEXAS, LLC D/B/A**
**WALMART SUPERCENTER #286**

Filed in said court on the 02/08/2022

The name and address of the attorney for PLAINTIFF, or the address of the PLAINTIFF is: ANDREW J WOOLEY , 10440 N. CENTRAL EXPY, STE 1290, DALLAS, TX 75231.

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TEXASLAWHELP.ORG."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 18th day of February, 2022.

**SEAL**

**Melanie Reed, District Clerk**
**109 S. Jackson Street Rm. 209**
**Waxahachie, TX 75165**

By_____
Mary Hinds, Deputy



**SERVICE RETURN - CAUSE # 107690**

| | |
|---|---|
| STAMPER, WILLIAM | IN THE 40TH JUDICIAL DISTRICT COURT |
| -VS- | OF |
| WAL-MART STORES TEXAS, LLC D/B/A | ELLIS COUNTY, TEXAS |
| WALMART SUPERCENTER #286 | |

**NAME AND ADDRESS FOR SERVICE:**
WAL-MART STORES TEXAS, LLC D/B/A
REG. AGENT:CT CORPORATION SYSTEM
1999 BRYAN ST, STE 900
DALLAS, TX 75201

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S FIRST AMENDED PETITION , at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The cause or failure to execute this process and the diligence used in finding said defendant(s) being:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____        _____, Sheriff, Constable, or Court Clerk ONLY
Total                    $_____                                    (All others below)

        _____, County, Texas

By:_____, Deputy

_____
Affiant

**COMPLETE AND SIGN IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

| | |
|---|---|
| **RETURN TO:** | STATE OF TEXAS        § |
| Melanie Reed Ellis County District Clerk | COUNTY OF ELLIS        § |
| 109 S. Jackson Street Rm. 209 | SIGNED under oath before me on this ____ ___day of |
| Waxahachie, TX 75165 | |
| | _____,20___. |

_____
Notary Public, State of Texas

Filed 2/28/2022 12:26 PM
Melanie Reed
District Clerk
Ellis County, Texas

## CAUSE NO. 107690

| | | |
|---|---|---|
| WILLIAM STAMPER | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | ELLIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC D/B/A WALMART SUPERCENTER # 286 | § | |
| Defendant. | § | IN THE 40TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Feb 18, 2022, 1:04 pm**,

**CITATION, PLAINTIFF'S FIRST AMENDED PETITION,**

and was executed at **1999 Bryan St 900, Dallas, TX 75201** within the county of **DALLAS** at **02:03 PM** on **Fri, Feb 25 2022**, by delivering a true copy to the within named

**WAL-MART STORES TEXAS, LLC D/B/A WALMART SUPERCENTER # 286 REG AGENT CT CORP SYSTEM**

in person, having first endorsed the date of delivery on same.
SERVICE WAS RECEIVED BY CT CORP SYSTEMS INTAKE SPECIALIST KIRK ATKINS

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Ricky E. Randall**, my date of birth is **07/18/1954**, and my address is **P O Box 360463, Dallas, TX 75336**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **DALLAS** County, State of **TX**, on **February 25, 2022**.

_Ricky E. Randall_

_____

Ricky E. Randall
Certification Number: PSC 10253
Certification Expiration: 04/30/23

# THE STATE OF TEXAS
## COUNTY OF ELLIS
### CAUSE NO: 107690
# CITATION

**TO:** **WAL-MART STORES TEXAS, LLC D/B/A WALMART SUPERCENTER #286**
**REG. AGENT: CT CORPORATION SYSTEM**
**1999 BRYAN ST, STE 900**
**DALLAS, TX 75201**

DEFENDANT, in the hereinafter styled and numbered cause: 107690

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in  the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the PLAINTIFF'S FIRST AMENDED PETITION at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof,  a copy of which accompanies this citation, in cause number **107690** styled

**STAMPER, WILLIAM**
**-VS-**
**WAL-MART STORES TEXAS, LLC D/B/A**
**WALMART SUPERCENTER #286**

Filed in said court on the 02/08/2022

The name and address of the attorney for PLAINTIFF, or the address of the PLAINTIFF is: ANDREW J WOOLEY , 10440 N. CENTRAL EXPY, STE 1290, DALLAS, TX 75231.

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TEXASLAWHELP.ORG."

WITNESS:  Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 18th day of February, 2022.

**Melanie Reed, District Clerk**
**109 S. Jackson Street Rm. 209**
**Waxahachie, TX 75165**

**SEAL**

By _____
Mary Hinds, Deputy



**SERVICE RETURN - CAUSE # 107690**

| | |
|---|---|
| STAMPER, WILLIAM | IN THE 40TH JUDICIAL DISTRICT COURT |
| -VS- | OF |
| WAL-MART STORES TEXAS, LLC D/B/A | ELLIS COUNTY, TEXAS |
| WALMART SUPERCENTER #286 | |

**NAME AND ADDRESS FOR SERVICE:**
WAL-MART STORES TEXAS, LLC D/B/A
REG. AGENT:CT CORPORATION SYSTEM
1999 BRYAN ST, STE 900
DALLAS, TX 75201

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in
_____ County, Texas by delivering to the within named defendants, in person, a true copy of this Citation with
the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S FIRST AMENDED PETITION , at
the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The cause or failure to execute this process and the diligence used in finding said defendant(s) being:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____          _____, Sheriff, Constable, or Court Clerk ONLY
Total                        $_____          (All others below)

_____, County, Texas

By:_____, Deputy

_____
Affiant

**COMPLETE AND SIGN IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must
either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially
the following form:

"My name is _____, my date of birth is _____, and my address is
          (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

| | |
|---|---|
| **RETURN TO:** | STATE OF TEXAS        § |
| Melanie Reed Ellis County District Clerk | COUNTY OF ELLIS     § |
| 109 S. Jackson Street Rm. 209 | SIGNED under oath before me on this _____day of |
| Waxahachie, TX 75165 | _____,20____. |

_____
Notary Public, State of Texas

Filed 3/21/2022 9:03 AM
Melanie Reed
District Clerk
Ellis County, Texas

**CAUSE NO. 107690**

| | | |
|---|---|---|
| **WILLIAM STAMPER** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **ELLIS COUNTY, TEXAS** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **d/b/a WALMART SUPERCENTER #286** | § | **40TH JUDICIAL DISTRICT** |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #286 (incorrectly sued, proper entity is Wal-Mart Stores Texas, LLC), Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's First Amended Petition, and would respectfully show the Court as follows:

**I. GENERAL DENIAL**

Defendant generally denies the allegations contained in Plaintiff's First Amended Petition, demands strict proof thereof, and says this is a matter for jury decision.

**II. RULE 193.7 NOTICE**

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

**III. JURY DEMAND**

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

**Respectfully submitted**,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5210 (phone)
(214) 220-5299 (fax)

By:      */s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**
Texas Bar No. 24036793
sbruce@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 21st day of March, 2022:

Andrew J. Wooley
The Law Office of Andrew J. Wooley
10440 N. Central Expressway, Suite 1290
Dallas, TX  75231
214.699.6524 / fax 214.853.5047
awooley@wooleylaw.com

*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandi Mallon on behalf of Stacy Bruce
Bar No. 24036793
smallon@cobbmartinez.com
Envelope ID: 62772007
Status as of 3/21/2022 9:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Wooley | 24077780 | awooley@wooleylaw.com | 3/21/2022 9:03:40 AM | SENT |
| Missy Ramirez | | mramirez@cobbmartinez.com | 3/21/2022 9:03:40 AM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 3/21/2022 9:03:40 AM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 3/21/2022 9:03:40 AM | SENT |